# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE CORECIVIC, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No.: 3:16-CV-03040<br>(Consolidated with No.: 3:16-cv-03169)<br><br>(Derivative Action)<br>Judge Aleta A. Trauger<br><br>**PRELIMINARY APPROVAL ORDER** |

This matter came before the Court on Plaintiffs' unopposed motion requesting that the Court enter an order: (i) preliminarily approving the proposed settlement ("Settlement") of shareholder derivative claims brought on behalf of CoreCivic, Inc. ("CoreCivic" or the "Company") in accordance with the Stipulation of Settlement dated September 9, 2022 (the "Stipulation"); (ii) approving the form and manner of the notice of the Settlement to Current CoreCivic Shareholders; and (iii) setting a date for the Settlement Hearing.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal with prejudice of the above-captioned consolidated shareholder derivative action brought on behalf of CoreCivic (the "Federal Derivative Action"), as well as resolution of the claims in the related shareholder derivative actions detailed in the Stipulation;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for CoreCivic

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Current CoreCivic Shareholders should be apprised of the Settlement through the Parties' proposed form and means of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

2. A hearing shall be held on <u>December 1</u>, 2022 at <u>4:00</u> p.m., before the Honorable Aleta A. Trauger in Courtroom 6C, 719 Church Street, Nashville, Tennessee 37203 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice and Summary Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process; (iii) whether to enter the proposed Judgment in its entirety, as set forth in Exhibit E to the Stipulation; (iv) whether the agreed-to Fee and Expense Amount as well as the Service Awards should be approved; and (v) such other matters as the Court may deem appropriate.

3. The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Current CoreCivic Shareholders; (ii) the right to continue or adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment

thereof, without further notice to Current CoreCivic Shareholders; and (iii) the right to conduct the Settlement Hearing remotely without further notice to Current CoreCivic Shareholders.

4. The Court finds that the form, substance, and dissemination of information to Current CoreCivic Shareholders regarding the proposed Settlement in the manner set out in this order ("Preliminary Approval Order") constitutes the best notice practicable under the circumstances and complies with the Federal Rules of Civil Procedure and all other applicable law and due process. **In all Notices, the address of the Clerk and court shall be corrected.**

5. Within ten (10) business days after the entry of this Preliminary Approval Order, CoreCivic shall: (1) post a copy of the Notice and the Stipulation, with its exhibits, on the Investor Relations page of the Company's website; (2) publish the Summary Notice in *Investor's Business Daily*; and (3) file with the SEC a Current Report on Form 8-K, attaching the Notice (Exhibit C hereto) and the Stipulation (including exhibits). The Notice and Summary Notice shall provide a link to the Investor Relations page of CoreCivic's website where the Notice and Stipulation with its exhibits may be viewed, which link shall be maintained through the date of the Settlement Hearing.

6. All costs incurred in the posting, filing, issuing, and publishing of the notice of the Settlement shall be paid by CoreCivic, and CoreCivic shall undertake all administrative responsibility for the posting, filing, issuing, and publishing of the notice of the Settlement.

7. No later than ten (10) days before the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to posting, filing, issuing, and publishing the notice of the Settlement as provided for in this Preliminary Approval Order.

8.      Pending final determination of whether the Settlement should be approved, Plaintiffs and their Related Persons and Current CoreCivic Shareholders and their Related Persons, and anyone who acts or purports to act on their behalf, are barred and enjoined from filing, commencing, prosecuting, intervening in, participating in, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (including a motion or complaint in intervention in any such action or proceeding if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Released Persons based on or relating in any way to the Released Claims.

9.      Current CoreCivic Shareholders who wish to object to the fairness, reasonableness or adequacy of the Settlement or to any term(s) of the Settlement must both serve on Plaintiffs' Counsel and Defendants' Counsel (as set out below) and file with the Court a statement of objection, which must be received by no later than _____November 1_____, 2022 (which date shall be at least twenty-eight (28) calendar days before the date of the Settlement Hearing as initially set out in this Preliminary Approval Order).  Current CoreCivic Shareholders may object on his, her or its own, or through counsel hired at his, her or its own expense.  Any Current CoreCivic Shareholder's objection should set out the specific reasons, if any, for each objection, including any legal support the Current CoreCivic Shareholder wishes to bring to the Court's attention and any evidence the Current CoreCivic Shareholder wishes to introduce in support of such objections.  The statement of objection must include the caption of the Federal Derivative Action (as set out above) and the following information:  (i) the Current CoreCivic Shareholder's name, address, telephone number and e-mail address (if available); (ii) the number of shares of CoreCivic stock you currently hold, together with third-party documentary evidence, such as the

most recent account statement, showing such share ownership, and proof of being a current CoreCivic shareholder as of September 9, 2022 through the present, (iii) if the objection is made by the Current CoreCivic Shareholder's counsel, the counsel's name, address, telephone number and e-mail address; (iv) a statement of specific objections to the Settlement, the grounds therefore, or the reasons for such Person desiring to appear and be heard, as well as all documents or writings such Person desires the Court to consider; (v) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their likely testimony; and (vi) a list, including dates, courts, case names and numbers, and disposition of any other Settlements to which the individual or entity has objected during the previous seven (7) years.

10. Any attorney hired by a Current CoreCivic Shareholder for the purpose of objecting must both serve on Plaintiffs' Counsel and Defendants' Counsel (as set out below) and file with the Court a notice of appearance, which must be received by no later than __November 1__, 2022 (which date shall be at least twenty-eight (28) calendar days before the date of the Settlement Hearing as initially set out in this Preliminary Approval Order).

11. A Current CoreCivic Shareholder who wishes to object to the proposed Settlement does not need to attend the Settlement Hearing. However, any Current CoreCivic Shareholder who files and serves a timely written objection pursuant to this Preliminary Approval Order – and only such Current CoreCivic Shareholders – may appear at the Settlement Hearing either in person or through personal counsel retained at his, her or its own expense. Any Current CoreCivic Shareholder's counsel who intends to make an appearance at the Settlement Hearing must serve on Plaintiffs' Counsel and Defendants' Counsel (as set out below) and file with the Court a notice of intention to appear, which must be received by no later than __November 1__, 2022

(which date shall be at least twenty-eight (28) calendar days before the date of the Settlement Hearing as initially set out in this Preliminary Approval Order).

12. Any submissions made pursuant to paragraphs 9 through 11 of this Preliminary Approval Order must be (i) sent or delivered to the following addresses:

- a. The Court:
  Clerk of Court
  U.S. District Court for the Middle District of Tennessee
  719 Church Street
  Nashville, Tennessee 37203

- b. Federal Derivative Plaintiffs' Counsel:
  Michael I. Fistel, Jr.
  **JOHNSON FISTEL, LLP**
  Murray House
  40 Powder Springs Steet
  Marietta, GA 30064

- c. Defendants' Counsel:
  Steven A. Riley
  Milton S. McGee III
  **RILEY & JACOBSON, PLC**
  1906 West End Ave.
  Nashville, TN 37203
  With a copy to
  Michael J. McConnell
  **JONES DAY**
  1221 Peachtree Street, N.E.
  Suite 400
  Atlanta, GA 30361
  and
  Mark W. Rasmussen
  **JONES DAY**
  2727 North Harwood Street
  Dallas, TX 75201

13. Counsel for the Settling Parties are directed to promptly inform each other of any submission served on them (or that otherwise comes into their possession) pursuant to paragraphs 9 through 11 of this Preliminary Approval Order.

14. Any Current CoreCivic Shareholder that fails to comply with the requirements of this Preliminary Approval Order shall waive and forfeit any and all rights he, she or it may otherwise have to object and/or to appear separately at the Settlement Hearing. Current CoreCivic Shareholder do not need to appear at the hearing or take any other action to indicate their approval of the Stipulation.

15. Any Current CoreCivic Shareholder who submits an objection to the Stipulation shall be deemed to consent to the exclusive jurisdiction of this Court with respect to such objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

16. The Settling Parties shall file with the Court (and serve on each other) any papers they wish to submit in support of the proposed settlement as follows:

   a. Any motions for final approval of the proposed Settlement and/or any motions for a Fee and Expense Amount must be filed and served at least thirty-five (35) days before the date of the Settlement Hearing as initially set by the Court in this Preliminary Approval Order; and

   b. Any papers in response to objections must be filed and served at least fourteen (14) days before the date of the Settlement Hearing as initially set by the Court in this Preliminary Approval Order.

17. All proceedings in the Federal Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

18. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Current CoreCivic Shareholders.

19. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Settling Parties or Released Persons, or of the validity or infirmity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

20. The Court reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Current CoreCivic Shareholders. Any Current CoreCivic Shareholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar for any change in date, time or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current CoreCivic Shareholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement, except as to those matters specifically referred to the Mediator in the Stipulation.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
U.S. DISTRICT JUDGE